In re Loretta BOHMAN, Debtor.

Loretta BOHMAN, Plaintiff,

v.

INDEPENDENT SAVINGS PLAN CO., Defendant.

Bankruptcy No. 95–30484–BKC–SHF.
Adv. No. 96–0761–BKC–SHF–A.

United States Bankruptcy Court,
S.D. Florida.

Nov. 6, 1996.

———

Loretta Bohman, Jupiter, Florida, pro se.

Pierre Frappier, Boynton Beach, Florida, for debtor.

Michael D. Ginsberg, Tampa, Florida, for Independent Savings Plan Co.

### ORDER IMPOSING SANCTIONS AGAINST PIERRE FRAPPIER PURSUANT TO 11 U.S.C. § 110(c)(1)

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on October 29, 1996 upon this Court's Order to Show Cause why Pierre Frappier should not be Sanctioned for Failure to Comply with 11 U.S.C. § 110(c)(1). Pierre Frappier, the petition preparer against whom the Order to Show Cause was directed, appeared at the hearing, as did the Debtor. Mr. Frappier acknowledges that he did agree to prepare and serve the Complaint to Determine Dischargeability of Debt and Entitlement to Discharge, and also, that he agreed to prepare a motion to reopen the Debtor's bankruptcy case, in order to discharge the Defendant in this adversary proceeding, all for a fee of $150.00. Mr. Frappier also acknowledges that he failed to comply with 11 U.S.C. § 110(c)(1) by failing to sign the complaint initiating this adversary proceeding, and by failing to provide his identifying number on the complaint. Thus, the complaint has the appearance of being prepared and filed by the Debtor **pro se,** when in fact the complaint was prepared by Mr. Frappier on behalf of the Debtor.

Pursuant to 11 U.S.C. § 110(b)(1), a bankruptcy petition preparer "... who prepares a document for filing shall sign the document and print on the document the preparer's name and address". Further, a "document for filing" is defined, pursuant to 11 U.S.C. § 110(a)(2), as "... a petition **or any other document** prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title." Clearly, the Complaint to Determine Dischargeability of Debt initiating the instant adversary proceeding would fall within the definition of a "document for filing". It appears that Mr. Frappier, without hesitation, undertook the task of

preparing a complaint to establish the dischargeability of the pre-existing debt due Independent Savings Plan Co. for a fee of $150.00. Furthermore, at the initial pretrial conference held in this case on October 8, 1996, the Court explained to the Debtor that service of her complaint had not been effected properly. In response, the Debtor stated that service of process upon the Defendant was a task to be accomplished by her "paralegal".

The preparation of any complaint initiating a civil action and the subsequent service of a complaint upon a party defendant often requires intensive legal training and experience, together with a thorough knowledge of the applicable law and rules of procedure. It is evident that Mr. Frappier possesses none of the referenced knowledge and experience, yet persists in the above-described activities under the guise of a "paralegal service". Such activity constitutes a peril to the community and will not be tolerated. Accordingly, it is hereby

**ORDERED** that a fine of $350.00 is imposed against Pierre Frappier for his failure to comply with 11 U.S.C. § 110(b)(1), and for his failure to sign the document which he prepared.[1]

---

1. In theory, the only capacity in which Mr. Frappier *could* sign a complaint initiating an adversary proceeding on behalf of the Debtor would be as an attorney-at-law, which clearly would be inappropriate since Mr. Frappier is not a licensed attorney. Further, this Court is unaware of any provision contained in either Section 110 of the Bankruptcy Code, or in any other provision in the Bankruptcy Code, which would authorize a non-attorney other than a **pro se** debtor, to execute and file a complaint under Bankruptcy Rule 7001 initiating an adversary proceeding. This matter shall be referred to The Florida Bar for further action consistent with this Court's ruling.