**In re Floyd L. JACKSON, Debtor.**

**Bankruptcy No. 96–11094–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 7, 1997.

Alan J. Perlman, Schantz, Schatzman, Aaronson & Cahan, P.A., Miami, FL, for Paralegal Associates.

Gerald Schilian, Deerfield Beach, FL, for Debtor.

Elena Magolnick, Chapter 7 Trustee, Key Biscayne, FL.

### *ORDER IMPOSING SANCTIONS AGAINST PARALEGAL ASSOCIATES AND FRED PERLMAN PURSUANT TO U.S.C. § 110*

ROBERT A. MARK, Bankruptcy Judge.

The Court conducted an evidentiary hearing on July 25, 1996, pursuant to the Court's June 10, 1996 Order Setting Hearing to Show Cause Why Paralegal Associates Should Not be Held in Civil Contempt Under 11 U.S.C. § 110 (the "Show Cause Order"). The Show Cause Order is directed to Fred Perlman and Paralegal Associates ("Respondents").[1] It was entered as a result of a hearing on May 23, 1996, in which the debtor appeared pro se and advised the Court that certain motions filed by the debtor pro se and signed only by the debtor, were actually prepared by Paralegal Associates.

The Court has considered the record, including the testimony presented at the July 25, 1996 hearing, the arguments of counsel, the Notice of Compliance with 11 U.S.C. § 110 (the "Notice") filed by Respondents on July 23, 1996, and the Supplemental Notice of Compliance ("Supplemental Notice") filed by Respondents on August 7, 1996. For the reasons that follow, the Court finds that Fred Perlman and Paralegal Associates violated § 110 of the Bankruptcy Code by preparing documents for filing in this bankruptcy case without signing the documents and without including their name and address on

---

1. The Show Cause Order also required attorney, Gerald Schilian, to appear, and explain his role, if any, in the legal assistance of the Debtor. Mr. Schilian testified that he was representing the mortgage company which was considering refinancing the Debtor's home mortgage. He played a part in referring the Debtor to Paralegal Associates, but at no time did he represent the Debtor. Therefore, the Court finds no wrongdoing by Mr. Schilian in connection with this matter.

the documents as required by 11 U.S.C. § 110(b)(1).[2]

## BACKGROUND FACTS

The debtor, Floyd Jackson ("Debtor") commenced this Chapter 7 case by filing a petition for relief on February 26, 1996. The petition included a Certification and Signature of Non-attorney Bankruptcy Petition Preparer describing Paralegal Associates of North Miami as the petition preparer. The Certification was signed by Fred Perlman, on behalf of Paralegal Associates. Accompanying the petition was a Statement of Assistance Received also signed by the Debtor indicating that Paralegal Associates was paid $225.00 for assistance in preparing the petition and related papers.

Mr. Perlman testified that the petition and schedules were prepared from information provided by the Debtor. A handwritten bankruptcy information sheet corroborating this testimony was attached to the Supplemental Notice. Although the bankruptcy information sheet was filled out by a representative of Paralegal Associates, the Court accepts the testimony of Mr. Perlman that the information was provided during an interview with the Debtor. The Court finds no violation of § 110 in connection with the preparation of the Petition, and no party challenged the $225.00 fee paid for this assistance.

The activity that generated the Show Cause Order was the later filing of three pleadings signed only by the Debtor, but prepared by Respondent Perlman. The court papers consisted of a Response to Motion for Relief from Automatic Stay filed on March 15, 1996, and two separate motions filed on May 3, 1996, each entitled Motion to Avoid Lien Impairing Debtor's Exemption (the "Motions to Avoid Lien"). It was during the May 23, 1996 hearing on the Motions to Avoid Lien that the Court learned that the motions were prepared by Paralegal Associates.

In the Notice filed on July 23, 1996, Mr. Perlman attached a previously unfiled Disclosure of Compensation of Non–Attorney for Debtor stating that the Debtor paid an additional $250 for "typing services" in connection with the preparation of the Motions to Avoid Lien. Also attached to the Notice is a form entitled Motion to Avoid Judicial Lien derived from a software program Perlman referred to as the "Bankruptcy Master Program, BMAS."

## DISCUSSION

■ Section 110(b)(1) of the Bankruptcy Code provides that "a bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address." The response to Motion for Relief from Automatic Stay and the two Motions to Avoid Lien filed by the Debtor and prepared by Mr. Perlman, each constitute "a document for filing" within the meaning of § 110(b)(1) since "document for filing" is defined in § 110(a)(2) to mean "a petition or any other document prepared for filing by a debtor in the United States Bankruptcy Court."

Section 110(b)(2) provides that "a bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause." Respondents failed to demonstrate reasonable cause for the violation of § 110(b)(1). Although this matter is not before the Court for determination of whether the Respondents engaged in the unauthorized practice of law, this Court is aware of no statutory authority or case law which would permit a paralegal to prepare responses to contested matters in a bankruptcy case or to institute contested matters by filing motions. *See In re Bohman,* 202 B.R. 179 (Bankr.S.D.Fla.1996).

## SANCTIONS

■ Under the facts presented here, the Court finds it appropriate to impose the maximum sanction permissible under § 110(b)(2),

---

**2.** These same Respondents engaged in virtually the same conduct in a case where a similar Show Cause Order was entered. *In re Jesus Vidal,* Case No. 96–11239–BKC–RAM. A separate and similar Order Imposing Sanctions Against Paralegal Associates and Fred Perlman was entered in that case on February 7, 1997.

provided, however, that the two separate Motions to Avoid Lien will be treated as a single document. Thus, the total fine imposed upon Mr. Perlman and Paralegal Associates will be in the amount of $1,000. In addition, the Respondents will be required to pay $250.00 to the Debtor, the fee Respondents charged for the preparation of the Motions to Avoid Lien. Respondents have voluntarily agreed to reduce this fee to $150, but the Court cannot condone the charging of any fee by a paralegal for legal services that are not within the scope of permissible paralegal tasks.

For the foregoing reasons, it is—

ORDERED AND ADJUDGED as follows:

1. The Show Cause Order is discharged as to Attorney Gerald Schilian.

2. Pursuant to 11 U.S.C. § 110(b)(2), the Court imposes a fine of $1,000 jointly and severally against Fred Perlman and Paralegal Associates for three separate violations of 11 U.S.C. § 110(b)(1). The fine shall be paid to the Clerk of this Court promptly upon this Order becoming final. Failure to promptly pay the fine will constitute a contempt of this Order and subject the Respondents to further sanctions.

3. Paralegal Associates shall pay $250.00 to the Debtor, representing a return of the fee charged for preparing the Motions to Avoid Lien. To implement this relief, judgment is entered in favor of the Debtor, Floyd L. Jackson, and against the Respondent, Paralegal Associates, in the amount of $250, for which let execution issue.

4. The Court is furnishing a copy of this Order to the Florida Bar to determine whether the Respondents have engaged in the unauthorized practice of law.